UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri Corporation<br><br>    Plaintiff,<br><br>    v.<br><br>ADVEST, INC., a Delaware Corporation,<br><br>    Defendant. | Civil Action No. 08 CV 6488 (JGK) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

The defendant, Advest, Inc., ("Defendant" or "Advest"), respectfully submits this Answer, Affirmative Defenses, and Counterclaim to the plaintiff, American Automobile Insurance Company's ("Plaintiff" or "AAIC"), Complaint, dated July 21, 2008 ("Complaint").

**ANSWER TO JURISDICTION AND VENUE**

1. Answering the allegations of paragraph 1, Defendant states that this paragraph sets forth a legal conclusion and not an allegation fact and, therefore, no answer is required. Defendant further refers to the Complaint for the exact terms and contents thereof.

2. Upon information and belief, the allegations of paragraph 2 are admitted.

3. Answering the allegations of paragraph 3, Defendant admits that Advest is a Delaware corporation and maintains its principal place of business in the State of New York. Except as expressly answered herein, the allegations of paragraph 3 are denied.

4.Answering the allegations of paragraph 4, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact and, therefore, no answer is required.

5.Answering the allegations of paragraph 5, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact and, therefore, no answer is required.

6.Answering the allegations of paragraph 6, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact and, therefore, no answer is required.

## ANSWER TO JURY DEMAND

7.Answering the allegations of paragraph 7, Defendant states that this paragraph fails to set forth allegations of fact and, therefore, no answer is required.

## ANSWER TO FACTS

8.Answering the allegations of paragraph 8, Advest admits that National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"), as subrogee and assignee of its insured, BNP Paribas ("BNP") filed a complaint against Advest, styled: *National Union Fire Insurance Company of Pittsburgh, P.A., for itself and as subrogee and assignee of BNP Paribas v. Advest, Inc.*, Index No. 118725/06, in the Supreme Court of the State of New York, County of New York (the "Underlying Action"), and refers to the Complaint in the Underlying Action for the exact allegations and contents thereof. Except as expressly answered herein, the allegations of paragraph 8 are denied.

9.Answering the allegations of paragraph 9, Advest admits that, at certain periods of time, Richard Wetter ("Wetter") was a registered representative of Advest. Except as expressly answered herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, the allegations are denied.

10. Answering the allegations of paragraph 10, Advest admits that National Union made certain allegations against Wetter, but refers to the Complaint in the Underlying Action for the exact terms and contents thereof. Except as expressly answered herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, the allegations are denied.

11. Answering the allegations of paragraph 11, Advest admits that National Union made certain allegations against Wetter, but refers to the Complaint in the Underlying Action for the exact terms and contents thereof. Except as expressly answered herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, the allegations are denied.

12. Answering the allegations of paragraph 12, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, the allegations are denied.

13. Answering the allegations of paragraph 13, Advest admits that National Union sought damages from Advest and refers to the Complaint in the Underlying Action for the specific allegations and contents thereof. Except as expressly answered herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, the allegations are denied.

14. Answering the allegations of paragraph 14, Advest admits that it settled the Underlying Action on or about May 2008. Except as expressly answered herein, the allegations of Paragraph 14 are denied.

15. Answering the allegations of paragraph 15, Advest admits that a criminal complaint was filed against Wetter on or about June 17, 2004, but refers to the criminal complaint for the exact

allegations and contents thereof. Except as expressly provided herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

16. Answering the allegations of paragraph 16, Advest admits that a criminal complaint was filed against Wetter on June 17, 2004, but refers to the criminal complaint and the accompanying criminal docket for the exact allegations and contents thereof. Except as expressly provided herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

17. Answering the allegations of paragraph 17, Advest admits that a criminal indictment was filed against Wetter on or about June 30, 2004, but refers to the criminal indictment for the exact allegations and contents thereof. Except as expressly provided herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

18. Answering the allegations of paragraph 18, Advest admits that a criminal judgment was filed against Wetter on or about August 17, 2005, but refers to the criminal judgment for the exact contents thereof. Except as expressly provided herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

19. Answering the allegations of paragraph 19, Advest admits that Wetter was ordered to pay restitution, but refers to the criminal judgment for the exact allegations and contents thereof. Except as expressly provided herein, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

20. Answering the allegations of paragraph 20, Advest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

### ANSWER TO THE AAIC INSURANCE COVERAGE

21. The allegations of paragraph 21 are admitted.

22. Answering the allegations of paragraph 22, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 (the " AAIC Policy") and refers to the Policy for the full terms and contents thereof.

23. Answering the allegations of paragraph 23, Advest states that this paragraph sets forth conclusions of law and not an allegation of fact and, therefore, no answer is required. Advest further refers to the AAIC Policy for the full terms and contents thereof.

24. Answering the allegations of paragraph 24, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

25. The allegations of paragraph 25 are denied.

26. Answering the allegations of paragraph 26, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof. Advest further states that no answer is required to the extent this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied.

27. Answering the allegations of paragraph 27, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

28.     Answering the allegations of paragraph 28, Advest states that this paragraph contains conclusions of law and not allegations of fact and, therefore, no answer is required. Advest further refers to the AAIC Policy for the full terms and contents thereof.

29.     Answering the allegations of paragraph 29, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

30.     Answering the allegations of paragraph 30, Advest states that no answer is required as this paragraph contains conclusions of law and not allegations of fact. To the extent an answer is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

31.     Answering the allegations of paragraph 31, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

32.     Answering the allegations of paragraph 32, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

33.     Answering the allegations of paragraph 33, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

34.     Answering the allegations of paragraph 34, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer

is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

35. Answering the allegations of paragraph 35, Advest admits that it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

36. Answering the allegations of paragraph 36, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

37. Answering the allegations of paragraph 37, Advest admits it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

38. Answering the allegations of paragraph 38, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied. Advest further refers to the AAIC Policy for the full terms and contents thereof.

39. Answering the allegations of paragraph 39, Advest admits it was insured under AAIC Policy No. 8-17 ME 07318171 and refers to the AAIC Policy for the full terms and contents thereof.

40. Answering the allegations of paragraph 40, Advest admits that Advest agreed to settle the Underlying Action in or about May 2008. Except as expressly answered herein, the allegations of paragraph 40 are denied.

## ANSWER TO COUNT ONE – DECLARATORY RELIEF

41. Answering the allegations of paragraph 41, Advest repeats and realleges its answers to paragraphs 1 through 40 as if the same were set forth at length herein.

42. Answering the allegations of paragraph 42, Advest states that no answer is required as this paragraph sets forth a legal conclusion and not an allegation of fact. To the extent an answer is required, the allegations are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel and ratification.

## **THIRD AFFIRMATIVE DEFENSE**

Defendant reserves its rights, pending completion of discovery, to assert any additional defenses which may exist.

**WHEREFORE**, defendant, Advest, Inc., demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs of suit and such other relief as this court deems just and proper.

## COUNTERCLAIM

The defendant, Advest, Inc., ("Defendant/counterclaimant" or "Advest") hereby counterclaims against the plaintiff, American Automobile Insurance Company ("Plaintiff/counterclaimant" or "AAIC"), as follows:

## PARTIES

1.  Defendant/counterclaimant Advest, Inc. ("Advest") is a Delaware corporation, and at certain times relevant to this action maintained its principal place of business in the State of New York.

2.  Upon information and belief, AAIC is a Missouri corporation with its principal place of business in Missouri.

## FACTS

3.  AAIC issued a Life Insurance Agents Errors & Omissions Liability Coverage insurance policy bearing Policy No. 8-17 ME 07318171 (the "AAIC Policy") which insured Advest and its registered representatives.  The AAIC Policy insured Advest and its registered representatives for the period from January 1, 2005 to January 1, 2006 and Advest later purchased a two year extended reporting period.  The AAIC Policy contained a retroactive date of February 1, 1993.  The AAIC Policy contained a Broker/Dealer Errors & Omissions Liability Endorsement. AAIC has attached a copy of the Policy to its Complaint as Exhibit "F."

4.  During the AAIC Policy's period, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"), as subrogee and assignees of its insured, BNP Paribas ("BNP"), filed suit against Advest in an action styled: *National Union Fire Insurance Company of Pittsburgh, P.A., for itself and as subrogee and assignee of BNP Paribas v. Advest, Inc.*, Index No.

118725/06, in the Supreme Court of New York, County of New York (the "Underlying Action"). AAIC has attached a copy of the Complaint in the Underlying Action as Exhibit "A."

5. The Underlying Action alleged that Richard Wetter ("Wetter") was a trader at Advest who conspired with Ryan Abbate ("Abbate"), a trader at BNP, to fraudulently misappropriate funds from BNP. National Union alleged that Wetter and Abbate engaged in off-market transactions in U.S Treasuries, for which Advest received excessive mark-ups and mark-downs, as well as engaged in improper interest swap transactions which were subsequently cancelled by Abbate to incur cancellation penalties associated with these transactions.

6. National Union alleged that, as a result of Wetter's actions, BNP was damaged in the total amount of $2,950,000. National Union further alleged that it had paid BNP $1,477,500 under its insurance policy with BNP. National Union sought damages in the amount of $1,477,500, plus interest, attorneys' fees, costs and expenses.

7. During the AAIC Policy period, Advest placed AAIC on notice of the Underlying Action in accordance with the terms of the AAIC Policy.

8. The Underlying Action filed against Advest asserts claims for "damages" arising out of "wrongful acts" of Advest, as such terms are defined by the AAIC Policy.

9. The Underlying Action asserted against Advest is a claim against Advest that falls within the time period of coverage provided by the AAIC Policy and is a claim first made during the policy period.

10. Advest timely presented the Complaint in the Underlying Action to AAIC and provided proper notice of the claim to AAIC.

11. Advest is entitled to coverage from AAIC under the terms of the AAIC Policy for the claims asserted against Advest as alleged in the Underlying Action.

12. AAIC has wrongfully denied that Advest is entitled to coverage for the claims asserted against Advest in the Underlying Action.

13. Advest has been damaged by AAIC's wrongful denial of its claim for insurance coverage under the AAIC Policy.

14. Advest is entitled to a judgment declaring that the claims asserted in the Underlying Action are covered by the terms of the AAIC Policy and awarding Advest compensatory and consequential damages.

**WHEREFORE**, Advest, Inc. hereby demands judgment as follows:

(1) declaring that Advest is entitled to coverage under AAIC Policy No. 8-17 ME 07318171 for the claims in the Underlying Action which have been asserted against it;

(2) awarding compensatory damages;

(3) awarding attorneys' fees and costs of suit; and

(4) for such other relief as this court deems just and proper.

Dated: August 22, 2008  
New York, New York

ATTORNEYS FOR DEFENDANT, ADVEST, INC.

By: /s/ Mark M. Tallmadge  
Bar No.: MT6598  
mtallmadge@bressler.com  
Angela M. Scafuri  
Bar No.: AS3043  
ascafuri@bressler.com

BRESSLER, AMERY & ROSS  
A Professional Corporation  
17 State Street, 34th Floor  
New York, New York 10004  
Tel: 212.425.9300  
Fax: 212.425.9337

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2008 a copy of the foregoing Answer. Affirmative Defenses, and Counterclaim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mark. M. Tallmadge
Mark M. Tallmadge
Bar No.: MT6598